UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

MERLIN ALSTON

                Petitioner,

- v. -

UNITED STATES OF AMERICA,

                Respondent.
---------------------------------------------------------------x

19 CV 7858 (CM)
S3 15 CR 435 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/6/2021

DECISION AND ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE AN APPEAL OF THIS COURT'S DECISION DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S.C. § 2253(c)(2)

McMahon, J.:

On June 10, 2021, the Court denied petitioner's motion to vacate his convictions pursuant to 28 U.S.C. § 2255, declined to issue a certificate of appealability, and opined that any appeal from the denial of Alston's motion would not be taken in good faith. *See Alston v. United States*, No. 15 CR 435 (CM), 2021 WL 2380064 (S.D.N.Y. June 10, 2021).

On September 8, 2021, Alston filed a motion asking the Court to grant him and extension of time to file a notice of appeal. *See Alston v. United States*, No. 19 CV 7858 (CM), ECF Document #20. According to the affidavit of petitioner's newly retained counsel, petitioner's former attorney was instructed by petitioner to file a timely request for a certificate of appealability in the Court of Appeals, and although former counsel began drafting the motion, counsel missed the August 10, 2021 filing deadline because counsel became seriously ill. Newly retained counsel asks that the Court find good cause for petitioner's failure to file a timely notice of appeal and grant him an extension of time to file such notice.

The motion is granted. Petitioner has 30 days from the date of this order to file a request for a certificate of appealability in the Second Circuit.

But lest there be any confusion, this Court declines to issue a certificate of appealability in connection with petitioner's §2255 motion because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997). Further, the Court adheres to its finding, pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from an order denying Alston's § 2255 motion would not be taken in good faith. *See Feliz v. United States*, No. 01-cv-5544, 2002 WL 1964347, at *7 (S.D.N.Y. Aug. 22, 2002).

This constitutes the decision and order of the court.

The Clerk is directed to terminate the motion on docket 19 CV 7858 (CM), ECF Document #20.

October 5, 2021

_____
Colleen McMahon
District Court Judge

BY ECF TO ALL PARTIES